IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| WESTCOR LAND TITLE INSURANCE COMPANY, | Civil No. 20-14361 (RBK/AMD) |
| Plaintiff, | **OPINION** |
| v. | |
| ND REMY ASSOCIATES, LLC, | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant's Motion to Dismiss (Doc. 5). For the reasons expressed herein, the Motion is **DENIED**.

I.   BACKGROUND

This action arises out of a dispute between two adjacent property owners. Plaintiff is Westcor Land Title Insurance Company, a company that provides title insurance policies to the purchasers of real property. (Doc. 1, "Compl." ¶¶1, 6.) Defendant is ND Remy Associates, LLC, a professional land surveyor.[1] (Compl. ¶8.) In 2012, Plaintiff issued an insurance policy to a third-party, Shukan Donuts. (Compl. ¶7.) Plaintiff retained Defendant to perform a boundary line survey of a piece of property that Shukan Donuts sought to purchase. (Compl. ¶9.) The parties entered into a written contract. (Doc. 1-1.) Pursuant to the contract, Defendant performed the boundary line survey and issued a survey report. (Compl. ¶10.) In reliance on the survey, Shukan Donuts

---

[1] Defendant ND Remy Associates, LLC is the successor in interest to N.D. Remy Associates, P.C. (Compl. ¶3.)

1

purchased the property and built a Dunkin Donuts in conformance with the boundary line as stated in the survey. (Compl. ¶12.)

In 2016, the owner of the adjacent property brought an action against Shukan Donuts, claiming that portions of the Dunkin Donuts encroached on its property. (Compl. ¶13.) Plaintiff asserts that, as Shukan Donuts's title insurer, Plaintiff was obligated to indemnify and defend Shukan Donuts for Defendant's error in identifying the boundary lines of the property. (Compl. ¶19.) In accordance with this obligation, Plaintiff retained counsel to represent Shukan Donuts, hired a professional surveyor, and proceeded through litigation. (Compl. ¶20–21.) Plaintiff settled the dispute by making a $25,000 payment to the owner of the adjacent property. (Compl. ¶23.) Plaintiff spent $49,978.19 in legal fees and expended $1,500 on the professional surveyor. (Compl. ¶25.)

After defending the suit on behalf on Shukan Donuts, Plaintiff brought the present action against Defendant for (1) professional malpractice and (2) breach of contract. (Compl. ¶¶28–40.) Plaintiff asserts that the contract between Plaintiff and Defendant requires Defendant to reimburse Plaintiff for the costs it incurred in defending Shukan Donuts in the underlying action. As a result, Plaintiff seeks recovery for $76,478.19 it lost as a result of Defendants' misidentification of the boundary line. (Compl. ¶39.) Plaintiff filed this suit in federal court, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Compl. ¶4.) Believing that the amount in controversy does not exceed $75,000, Defendant now moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 5, "Mot. to Dismiss.")

## II. Legal Standard

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendants move to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Plaintiff asserts that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Under this provision, federal courts have subject matter jurisdiction where there is a complete diversity of citizenship and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

Where a defendant moves to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction, the plaintiff generally bears the burden of proving by a preponderance of the evidence that the Court has subject-matter jurisdiction. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). The amount in controversy "claimed by the plaintiff, if made in good faith, will be accepted unless it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Orndorff v. Allstate Insurance Co.,* 896 F. Supp. 173, 175 (M.D. Pa. 1995) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S. Ct. 586 (1938)).

III.  DISCUSSION

Defendant asserts that the Court lacks jurisdiction over the suit because the amount in controversy does not exceed $75,000. Defendant contends that Plaintiff's purported damages include attorney's fees, which cannot be considered when calculating the amount in controversy. (*See generally* Mot. 4–6.) In response, Plaintiff argues that the legal fees it incurred in defending itself in the underlying cause of action are consequential damages which may be included in the calculation of the amount in controversy. (Opp. at 4.)

The Court agrees with Plaintiff. Defendant misunderstands the applicable law. While 28 U.S.C. § 1332 does instruct courts to disregard "interests and costs" when determining whether the amount in controversy is satisfied, that only includes the "interests and costs" of the pending

3

action. Here, Plaintiff's damages calculation of $76,478.19 does not include the "interests and costs" from the *current* action. Rather, through its professional malpractice and breach of contract claims, Plaintiff seeks recovery for the costs that it incurred in defending itself and Shukan Donuts in the initial real property dispute. Those costs and fees exceed $75,000. These costs and fees are specifically permitted under New Jersey law, which allows an individual who "has been forced because of the wrongful conduct of a tortfeasor to institute litigation against a third party" may recover the "fees incurred in that litigation from the tortfeasor." *In re Estate of Lash*, 776 A.2d 765, 769 (N.J. 2001) (quoting Restatement (Second) of Torts § 914(2)).

Moreover, under straight-forward and well-established Third Circuit precedent, the costs and attorneys' fees of defending an underlying action must be considered in determining the jurisdictional amount where the underlying contract provides for their payment. *State Farm Mut. Auto. Ins. Co. v. Powell*, 87 F.3d 93, 98 (3d Cir. 1996). Here, the underlying contract between Plaintiff and Defendant states that "[t]he Company will also pay the costs, attorneys' fees, and expenses incurred in defense of any matter insured against by this Policy." (Doc. 1-1.) As such, the Court must consider those attorneys' fees and costs when calculating the amount in controversy. Because Plaintiff has alleged in good faith that it incurred $76,478.19 in damages, the Court finds that the jurisdictional threshold has been satisfied. Accordingly, the Motion to Dismiss is **DENIED.**[2]

## IV.  CONCLUSION

For the reasons contained herein, the Motion to Dismiss (Doc. 5) is **DENIED**. An accompanying Order shall issue.

---

[2] Defendant's additional argument regarding caps on damages for attorneys' fees fail for the same reasons. Plaintiff's damages are consequential damages that Plaintiff suffered as a result of Defendant's conduct. Therefore, arguments related to caps on attorneys' fees are irrelevant.

4

Dated: 6/2/2021 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge